**STATE of Maine**

v.

**Donald BOYCE.**

Supreme Judicial Court of Maine.

Argued Jan. 12, 1984.

Decided Feb. 15, 1984.

---

John D. McElwee, Dist. Atty., Brian E. Swales, Asst. Dist. Atty. (orally), Caribou, for plaintiff.

Jordan & Goodridge, Donald H. Goodridge (orally), Houlton, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

The defendant, Donald Boyce, appeals from his jury trial conviction in Superior Court, Aroostook County, of operating a motor vehicle while his operator's license was under revocation as a result of an adjudication as an habitual offender, 29 M.R.S.A. § 2298 (Supp.1983–1984). The single issue on appeal is whether the presiding justice erroneously instructed the jury that the statutory presumption, 29 M.R.S.A. § 2298,[1] was a compulsory inference. *See Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); M.R.Evid. 303.

The error, if any, was harmless. M.R. Crim.P. 52(a). The defendant testified that at the time of his arrest, he was indeed operating a motor vehicle while his license was under a revocation resulting from his adjudication as an habitual offender. Because the defendant thus conceded the presumed fact, any error as to the instruction regarding the presumption was harmless. *See, e.g., Conway v. Anderson,* 698 F.2d 282 (6th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 3092, 77 L.Ed.2d 1352 (1983); *United States v. Fricke,* 684 F.2d 1126 (5th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1250, 75 L.Ed.2d 480 (1983); *Lamb v. Jernigan,* 683 F.2d 1332 (11th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1276, 75 L.Ed.2d 496 (1983) (Unconstitutional burden-shifting jury instruction is harmless error where evidence overwhelmingly establishes guilt).

The entry is:

Judgment affirmed.

All concurring.

1. "... If the name and date of birth of the person being prosecuted under this section are the same as the habitual offender whose privilege to operate has been revoked, then there shall be a presumption that that person is the same person whose license was revoked under this chapter." 29 M.R.S.A. § 2298.